Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 2 of 13 PAGEID #: 49
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012349
0D388 - K99

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

NANCY MERRILL
649 High Street, Unit 101
Worthington, Ohio 43085

    Plaintiff,

  -vs-

**ZIMMER, INC.**
**Also Known as Zimmer Biomet**
c/o Corporation Service Company
251 East Ohio Street, Suite 500
Indianapolis, Indiana 46204

    And

**ZIMMER BIOMET HOLDINGS, INC.**
**Formerly Known as**
**ZIMMER HOLDINGS, INC.**
c/o Corporation Service Company
251 East Ohio Street, Suite 500
Indianapolis, Indiana 46204

    And

**ZIMMER BIOMET MID-OHIO, INC.**
c/o Mercury Agent Company
250 West Street, Suite 700
Columbus, Ohio 43215

    And

**JOHN DOES DEFENDANTS #1-10**
Names and Addresses
Unknown to Plaintiff

    Defendants.

C O M P L A I N T

**Jury Demand Endorsed Hereon**

**Case Category B**
(Product Liability)

Case No. _____

Judge _____

Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234

# COMPLAINT
(Jury Demand Endorsed Hereon)

Now comes Plaintiff, by and through counsel, and for her causes of action she states as follows:

1. At all times relevant hereto, Plaintiff Nancy Merrill (hereinafter "Plaintiff") was a resident of Worthington, Franklin County, Ohio.

2. At all times relevant hereto, Plaintiff received medical care and treatment, including a right and left total knee replacement, at Riverside Methodist Hospital in Columbus, Franklin County, Ohio.

3. At all times relevant hereto, Defendant Zimmer, Inc. (hereinafter "Zimmer") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Indiana and is conducting, and has regularly conducted, business in Franklin County, Ohio.

4. Upon information and belief, in June of 2015, Zimmer, Inc. acquired Biomet and is now also known as Zimmer Biomet.

5. At all times relevant hereto, Defendant Zimmer Biomet Holdings, Inc. (hereinafter "Zimmer Holdings") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Indiana and is conducting, and has regularly conducted, business in Franklin County, Ohio. Zimmer Biomet Holdings, Inc. was formerly known as Zimmer Holdings, Inc.

6. At all times relevant hereto, Defendant Zimmer Biomet Mid-Ohio, Inc. was a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 6816 Lauffer Road, Columbus, Franklin County, Ohio.

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 3 of 13 PAGEID #: 35
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L2

7. At all times relevant hereto, Defendants John Does #1–10 were individuals, partnerships or corporations organized and existing under the laws of Ohio or some other state of the United States of America or some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted business in Franklin County, Ohio.

8. At all times relevant hereto, Defendants John Does #1-10 were involved in the manufacture, distribution, sale and/or design of medical implant devices such as the one that was implanted into the Plaintiff.

9. The true names and capacities (whether individual, partnership, corporation or otherwise) of Defendants John Does #1-10 could not be discovered by Plaintiff at this time and the Plaintiff has, accordingly, sued these unknown Defendants under these fictitious names.

10. When the true names of said John Doe Defendants have been ascertained, Plaintiff will seek leave to amend her Complaint accordingly.

11. Plaintiff believes that Defendants John Does # 1-10 are legally responsible for events and occurrences that are described in this Complaint, and that John Doe Defendants proximately caused injuries and damages to Plaintiff as set forth hereinafter.

### JURISCITION AND VENUE

12. Jurisdiction is conferred on this Court by virtue of Ohio Revised Code §2305.01.

13. Pursuant to Civ. R. 3(B)(1), (2) and (3) of the Ohio Rules of Civil Procedure, venue is proper in Franklin County, Ohio, as one or more or more of the Defendants have their principal place of business, regularly conduct business, and manufacture in Franklin County, Ohio.

0D388 - L3
Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 4 of 13 PAGEID #: 52
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234

## SERVICE OF PROCESS

14. Service of process is permitted on Defendants pursuant to Civ. R. 4.2(A) and (F) of the Ohio Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

15. On February 27, 2014, Plaintiff was admitted to Riverside Methodist Hospital in Columbus, Franklin County, Ohio for a total right knee replacement. The knee components implanted into Plaintiff were from Zimmer's Persona Trabecular Metal (cementless) product line. There were no complications during this surgery.

16. On April 14, 2014 Plaintiff was admitted to Riverside Methodist Hospital in Columbus, Franklin County, Ohio for a total left knee replacement. The knee components implanted into Plaintiff were from Zimmer's Person Trabecular Metal (cementless) product line. There were no complications during this surgery.

17. Plaintiff did well for several months following this surgery; however, Plaintiff required continued pain control by oral medication.

18. By letter, Plaintiff Nancy Merrill was informed by her surgeon, Michael McShane, M.D., that there had been a recall of the implant used in Plaintiff during the February 2014 and April 2014 surgeries. Due to the problems that Plaintiff had been experiencing in her right knee and left knee, and after discussions with her implanting surgeon, Plaintiff Nancy Merrill was scheduled for revision surgery.

19. On August 31, 2015 Plaintiff Nancy Merrill was again admitted to Riverside Methodist Hospital in Columbus, Franklin County, Ohio for a revision of her failed Zimmer right knee implant.

4

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 5 of 13 PAGEID #: 53
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L4

20. On October 12, 2015 Plaintiff Nancy Merrill was against admitted to Riverside Methodist Hospital in Columbus, Franklin County, Ohio for a revision of her failed Zimmer left knee implant.

## PLAINTIFF'S FIRST CAUSE OF ACTION
### [Negligence – All Defendants]

21. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

22. Plaintiff states that Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 owed a duty to use reasonable care to Plaintiff in the research, testing, manufacture, preparation, design, development, distribution, advertising, marketing, inspecting, configuring, suppling and/or selling of the Zimmer Persona Trabecular knee implant used by Plaintiff, and were obliged to protect her against the foreseeable risk of harm posed by the Zimmer Persona Trabecular knee implant.

23. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 breached their duty of care owed to Plaintiff Nancy Merrill to protect her from an unreasonable risk of harm in that they negligently researched, tested, manufactured, prepared, designed, developed, distributed, advertised, marketed, inspected, configured, supplied, and/or sold the Persona Trabecular knee implant for subsequent use by the Plaintiff, Nancy Merrill.

24. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 were negligent because they knew or reasonably should have known that their knee implant was unreasonably dangerous and harmful to persons when used for its foreseeable and intended purpose.

25. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's negligence, Plaintiff Nancy Merrill

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 6 of 13 PAGEID #: 54
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L5

has suffered severe and permanent injuries. These injuries have caused Plaintiff Nancy Merrill to incur lost wages as well as medical, hospital and drug expenses. Due to the nature of her injuries, Plaintiff expects to incur these expenses into the future.

26. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's negligence. Plaintiff suffered severe pain, mental anguish, and loss of enjoyment of life, and due to the permanent nature of her injuries she expects to suffer such losses and damages into the indefinite future.

### PLAINTIFF'S SECOND CAUSE OF ACTION
[Product Liability – All Defendants]

**Defective Design, Formulation and/or Manufacturer or Construction:**

27. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

28. The Persona Trabecular knee implant was defectively designed and/or manufactured in that the Persona Trabecular knee implant failed to withstand normal and reasonable use by Plaintiff, and otherwise failed to perform adequately and safely when used in an intended and reasonably foreseeable manner, so as to proximately cause injuries to the Plaintiff.

29. The defects existed at the time the Persona Trabecular knee implant left the control of the manufacturer and was introduced into the stream of commerce by Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10. Specifically, Plaintiff states that the Defendants researched, tested, manufactured, prepared, designed, developed, distributed, advertised, marketed, inspected, configured, supplied and/or sold the Persona Trabecular knee implant and knew or should have known that the Persona

6

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 7 of 13 PAGEID #: 55
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L6

Trabecular knee implant would be used by users without any knowledge of their product defects and inherent dangers and without any inspection for dangers and defects.

30. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 knew, or in the exercise of reasonably diligence, should have known of the risk of injury to Plaintiff and others like her, from the use of the Persona Trabecular knee implant.

31. When used in an intended and reasonably foreseeable manner, the Persona Trabecular knee implant is more dangerous than an ordinary consumer or user would expect.

32. The benefits of the Persona Trabecular knee implant do not outweigh the risks inherent in the design and configuration of the Persona Trabecular knee implant.

33. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe and permanent injuries. These injuries have cause Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

34. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and due to the permanent nature of her injuries, she expects to suffer such damages into the indefinite future.

### Strict Liability: Inadequate Warning or Instruction:

35. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

36. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10, as duly licensed corporations, designed, manufactured, sold and/or otherwise introduced into the stream of commerce the Persona Trabecular knee implant which was being used by Plaintiff when the events above occurred.

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 8 of 13 PAGEID #: 56
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L7

37. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 knew, or in the exercise of reasonable care should have known, about the risk of injury to Plaintiff, and others like her, from the use of Defendants' Persona Trabecular knee implant.

38. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 failed to provide warnings and/or instructions to surgeons and/or patients at the time of its marketing and when it left the control of Defendants that a manufacturer, exercising reasonable care, would have provided concerning the risk to Plaintiff in light of the likelihood that the product would cause harm of the type for which Plaintiff seeks compensation in light of the seriousness of that harm.

39. The product was further defective due to inadequate post-marketing warnings and/or instructions because Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 knew, or in the existence of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which Plaintiff seeks to recover compensatory damages and the manufacture failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk in light of the likelihood that the product would cause harm of the type for which Plaintiff seeks to recover compensatory damages, and in light of the likely seriousness of the harm.

40. The defects existed at the time the Persona Trabecular knee implant left the control of the manufacturer and was introduced into the stream of commerce by Defendants.

41. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 9 of 13 PAGEID #: 57
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:43 PM-16CV012234
0D388 - L8

severe pain, mental anguish and loss of enjoyment of life and due to the serious nature of her injuries, Plaintiff expects to suffer such damages into the indefinite future.

**Defective Due to Nonconformance with Manufacturer's Representations:**

42. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

43. The Persona Trabecular knee implant was defective due to its failure to conform, when it left the control of Defendant manufacturer Zimmer, Zimmer Holdings and/or John Doe Defendants #1 – 10.

44. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, and/or John Does #1-10's defective product, Plaintiff suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages, medical, hospital and drug expenses.

45. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and due to the permanent nature of her injuries expects to suffer such losses and damages into the indefinite future.

**Liability of Supplier:**

46. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

47. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 qualify as suppliers of the product because Defendants, in the course of a business conducted for the purpose, sold, distributed, packaged, and/or labeled the Persona Trabecular knee implant and/or otherwise participated in the placing of the product in the stream of American commerce.

48. Defendants negligently performed as suppliers of the Persona Trabecular knee implant.

9

Case: 2:17-cv-00101-EAS-JRK Doc #: 5 Filed: 02/03/17 Page: 10 of 43 PAGEID #: 58
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L9

49. As a direct and proximate result of the Defendants Zimmer Inc., Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

50. As a direct and proximate result of Defendants Zimmer Inc., Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

### PLAINTIFF'S THIRD CAUSE OF ACTION
### [Breach of Implied Warranty – All Defendants]

51. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

52. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 implied warranty that the Persona Trabecular knee implant was of good and merchantable quality, fit and safe for its ordinary and intended use without endangering human life or safety and free from design or manufacturing defects.

53. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 breached these implied warranties of merchantability, safety, and fitness for a particular purpose in that the Persona Trabecular knee implant was defective, defectively designed, defectively manufactured, and dangerous to reasonably foreseeable users like Plaintiff Nancy Merrill.

54. Plaintiff relied upon the implied warranties and representations of Defendants regarding their product and, as a result, utilized the Persona Trabecular knee implant.

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 11 of 13 PAGEID #: 59
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L10

55. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of implied warranties, Plaintiff suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

56. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of implied warranties, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

## PLAINTIFF'S FOURTH CUASE OF ACTION
### [Breach of Express Warranty – All Defendants]

57. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

58. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 expressly warranted that the Persona Trabecular knee implant was reasonably fit for its intended use without endangering human safety and free from design or manufacturing defects.

59. Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 breached this express warranty because the Persona Trabecular knee implant was dangerous and defective for its reasonably foreseeable use.

60. Plaintiff relied on the expressed warranties and representations of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 regarding the fitness, safety, and durability of the Persona Trabecular knee implant and as a result Plaintiff used said Persona Trabecular knee implant.

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 12 of 43 PAGEID #: 60
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234

61. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of express warranties, Plaintiff suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

62. As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of express warranties, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, special and medical damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) together with attorney fees, the costs herein expended, and any other such relief as may be just and proper in this case.

Respectfully submitted,

Daniel N. Abraham (0023457)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street
Columbus, Ohio 43215
Tele: (614) 228-6453
Fax: (614) 228-7122
Email: dabraham@csajustice.com
*Trail Attorney for Plaintiff*

Case: 2:17-cv-00101-EAS-TPK Doc #: 5 Filed: 02/03/17 Page: 13 of 13 PAGEID #: 61
Franklin County Ohio Clerk of Courts of the Common Pleas- 2016 Dec 29 1:49 PM-16CV012234
0D388 - L12

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands that the within matter be tried by a jury of eight (8).

Daniel N. Abraham (0023457)